FILED

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2015 JUN -2  P  1: 45

C[...]
A[...]

| | | |
|---|---|---|
| PAMELA CHILDS NEAL AND TRACY NEAL<br>3000 Colonial Springs Court<br>Alexandria, Virginia 22306, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:15-CV-693<br>(LMB/JFA) |
| EQUITYEXPERTS.ORG, LLC<br>c/o Virginia Professional Services, LLC<br>3850 Gaskins Road, Suite 120<br>Richmond, Virginia 23233, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

COME NOW Plaintiffs, PAMELA CHILDS NEAL and TRACY NEAL ("Plaintiffs" or the "Neals"), by counsel, and for their Complaint against the Defendant, EQUITYEXPERTS.ORG, LLC ("Defendant" or "Equity Experts"), allege the following:

1.      This is a complaint brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Equity Experts is a debt collector that regularly and routinely uses collection mechanisms such as dunning notices and memoranda of liens to extract money from consumers that exceed the amounts permitted by law. Specifically, on behalf of Homeowner and Condominium Associations ("HOAs"), Equity Experts makes written demands and extracts collection costs, late fees, and attorneys' fees that exceed the amounts authorized by Virginia law.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

Supplemental jurisdiction exists for state claims under 28 U.S.C. § 1367.

## PARTIES

3.      Plaintiffs are natural persons who reside in Virginia and are consumers within the

meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Equity Experts is a *debt collector* within the meaning of 15 U.S.C. §

1692a(6) and is located at 400 Water Street, Suite 250, Rochester, Michigan 48307.

5.      Defendant markets and describes itself as a collection agency specializing in

"Association Collection Specialists."

6.      In its representation of HOAs, Defendant regularly collects debts on behalf of

third parties from consumers located across the Commonwealth of Virginia.

7.      Defendant is principally and primarily engaged in such collection work. It is a

substantial and primary part of its business. On its public website, Defendant claims that its

"expertise is focused exclusively on collections for Condominium and Homeowner

Associations."

8.      At all times relevant hereto, Defendant was a *debt collector* as that term is defined

by the FDCPA. Defendant moreover uses one or more instrumentalities of interstate commerce

or the mails in a business the principal purpose of which is the enforcement of debts.

## STATEMENT OF FACTS

9.      On or about June 3, 2014, Defendant Equity Experts sent a letter to Mrs. Neal

demanding payment of $1,655.99 in an attempt to collect a debt. A true and accurate copy of the

letter is attached hereto as Exhibit A. The form letter stated the following in its relevant part:

**Your delinquent account for association assessments related to your property at 3000 Colonial Springs Ct. within Village at Gum Springs has been turned over to EquityExperts.org, LLC for collections.**

Should you fail to promptly pay your full balance, including the cost of collections, a lien will be recorded to secure payment of your delinquencies.

Please note that a lien is a public record that can have a significant negative impact on your credit rating. Furthermore, if you do not pay promptly, additional collection assessments will be added to your account and additional action may be taken against your property, including foreclosure.

Your current balance is **$1,655.99**, Estimated Balance in (30) days if unpaid: **$2,050.99**.

*You have thirty (30) days to dispute this debt. If you do not dispute this debt or any portion thereof within (30) days, the debt will be assumed to be valid. If you notify us within the 30 day period that the debt, or any portion thereof is disputed we will mail verification of the debt to you before proceeding with collections.*

**Note: for timely processing of your payment, it must be made out to Equity Experts and mailed to our PO Box above.**

10.     Such homeowner's association assessments are *debts* within the meaning of 15 U.S.C. § 1692a(5).

11.     The June 3, 2014, letter demands payment in the amount of $1,655.99, however Defendant's ledger sent later to Plaintiffs shows that the account balance in Defendant's records as of June 3, 2014, was actually $1,385.99.

12.     Actually, Plaintiffs had a net credit as of that date.

13.     Defendant failed to provide Plaintiffs with the disclosures required by 15 U.S.C. § 1692g(a) in its June 3, 2014, letter or within five days after its initial communication.

14.     Nowhere in its June 3, 2014, letter did Defendant explain how its demands for payment within the thirty-day period were consistent with Plaintiffs' rights under 15 U.S.C. § 1692g(a). This lack of explanation confuses the least sophisticated consumer and overshadows

the required notices, encouraging the consumer to forego his statutory rights and pay the debt before expiration of the thirty-day period, or else suffer adverse consequences.

15.     Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiffs that they could request the name and address of the original creditor, separate and apart from a dispute of the validity of the debt.

16.     Although Defendant's letter did not meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a), the disclosures it did provide were overshadowed by demands for payment within the thirty-day dispute period; imposition of additional collection costs after the end of the thirty-day dispute period; and threats to take further action if payment was not received promptly, such as foreclosure.

17.     Following the June 3, 2014, letter, Plaintiffs disputed, by telephone, the amount Defendant demanded. Plaintiffs then, as demanded in the letter, started paying their regular monthly assessment payments directly to Equity Experts.

### The Memorandum of Lien

18.     Defendant sent additional correspondence to the Plaintiffs dated July 18, 2014, which included a memorandum of lien that sought to secure $1,230.84 for assessments (as of March 1, 2014); collection costs of $665.00; and a "total claimed" of $1,895.84. The letter went on to say that the Village at Gum Springs Homeowner's Association

> Board of Directors has authorized us to record a notice of lien against your unit at 3000 Colonial Springs Court for unpaid association assessments. A copy of the notice of lien is attached to this letter, and the original has been sent to the Office of the Clerk of the Circuit Court for recording . . . Current Balance $1,895.84 if you do not pay within 10 days, balance will be at least: $2,645.84 . . . . Please note that if additional assessments have been added to your account since the date of the letter, they will also have to be paid to discharge the lien.

A true and accurate copy of this letter and memorandum of lien is attached as Exhibit B.

19.     According to the ledger later sent by Defendant to Plaintiffs, as of July 18, 2014, Defendant's internal documents reflect that Plaintiffs owed $1,520.99.

20.     Even this amount was incorrect as it included previous unjustified late fees, attorneys' fees, and collection costs. As of July 18, 2014, Plaintiffs had a net credit.

21.     The July 18, 2014, letter also states that, if additional assessments had been added to the account since the date of the letter, those amounts would have to be paid to discharge the lien. Even if the lien were valid, the amount of the lien is discharged or satisfied when the amount of the lien is paid. The foregoing statement in the July 18, 2014, letter was therefore incorrect. The Defendant misrepresented the law and, thus, the Plaintiffs' right to discharge or satisfy a lien without paying amounts not included in that lien.

22.     Defendant sent another letter dated October 6, 2014, stating that it had filed a lien against the property and "[t]his lien will block any sale of this property; it will also hinder any loan attempts and may have other impact on transactions regarding your property." The letter goes on to say that Equity Experts was "here to help" and it could work to help the homeowner "resolve this matter and release the lien against your property and stop possible foreclosure action against your home." A true and accurate copy of this letter is attached as Exhibit C.

23.     The October 6, 2014, letter demands payment in the amount of $3,035.99.

24.     However, Defendant's ledger sent later to Plaintiffs indicates that Defendant's records reflect that the alleged account balance as of October 6, 2014, was actually $1,685.99.

25.     In addition, even the $1,685.99 was incorrect, as it included previous unjustified late fees, attorneys' fees, and collection costs. In fact, as of October 6, 2014, Plaintiffs had a net credit.

26.     The July 18, 2014, and October 6, 2014, letters are further deceptive and misleading because there was never a lien recorded in the land records of Fairfax County.

27.     Through correspondence dated June 3, 2014, July 18, 2014, and October 6, 2014, respectively, Defendant also threatened to take action to foreclosure on the Neal's home when Defendant had no present right to possession of the property as the lien was never filed and the Neals actually maintained a credit with Gums Springs.

28.     A letter dated November 5, 2014, to Plaintiffs' counsel included a copy of the current ledger (indicating association assessments and collection fees), as well as correspondence and communications sent in regard to the Plaintiffs' property. The letter also states that Defendant did not have a copy of the filed lien on the Plaintiffs' property; but that since the lien was a public record, it could be found on the county's website. True and accurate copies of this letter and ledger are attached as Exhibit D.

29.     On February 19, 2015, Defendant sent Plaintiffs' counsel an updated ledger via email containing account information from January 1, 2014, to February 13, 2015. True and accurate copies of this email with the ledger are attached as Exhibit E.

### Collection Costs and Attorneys' Fees

30.     The above letters and email (collectively the "Collection Letters") claimed that Plaintiffs were liable for the Association's collection costs and attorneys' fees, where no such costs or fees had been awarded by a court or approved by the Association in accordance with its governing documents.

31.     Nothing in the Association's governing documents or in the Virginia Property Homeowner's Association Act allow the Defendant to assess collection fees without Board approval.

32.     To the contrary, the Declaration for the Village at Gum Springs ("Declaration") in Article Twelve Section 12.1(i) requires notice to an owner and an opportunity to contest the charges before the charges are imposed.

33.     The Gum Springs Board has never approved assessment of collection fees.

34.     The Gum Springs Board has never provided Plaintiff with notice and an opportunity to contest charges.

35.     Additionally, in Section 12.1(c) the Declaration states "[i]n any proceedings arising out of any alleged default *by* an Owner or any suit brought by an Owner against the Association or any director of Officer, *the prevailing party* shall be entitled to recover the costs of such proceeding and such reasonable attorneys' fees" (emphases added); *see also* VA. CODE ANN. § 55-79.84 (court may award costs and attorneys' fees to the "prevailing party"). Thus, Plaintiffs are only liable for collection fees that have been approved by the Board after Plaintiffs had an opportunity to contest and only for attorneys' fees assessed *by a Court*, not by Defendant unilaterally, and further only to the extent Gum Springs is the "prevailing party" in a legal proceeding. Even if Defendant followed the Association's own Declaration and Virginia law, there were no justified attorney fees or court costs that could be assessed, because as of October 28, 2011, Plaintiffs maintained a credit in their account from that time to present. Overall, the ledger contains charges of $2,137.41 for unjustified collection costs, legal fees, or attorneys' fees.

36.     The July 18, 2014, "Notice of Lien Recording" states that a memorandum of lien secures the payment of assessments as well as collection costs. The Property Owners' Association Act only allows a lien "for unpaid assessments"—not a lien for these other amounts

claimed by Defendant. *See* VA. CODE ANN. § 55-516(A). The foregoing statement in the Collection Letters was therefore incorrect.

### Debt Barred By Res Judicata

37. The ledgers attached to two of the Collection Letters also attempt to collect on alleged debts that are barred because they are subsumed under a previous judgment that was satisfied in full on October 28, 2011. Any further collection is barred by res judicata.

### Late Fees

38. The ledgers attached to two of the Collections Letters further represent that Plaintiffs are liable for late fees of $35.00 per month seven times since the Defendant took over the collection on the account and no less than thirty-three times as it appears on the Defendant's ledger. None of these late fees were owed, as payments were made on a timely basis. For example, the following payments to Gum Springs were drawn from Plaintiff's Navy Federal Credit Union Account:

    a.    On July 26, 2014, a payment of $65.00, on check number 496.

    b.    On July 26, 2014, a payment of $100.00, on check number 497.

    c.    On October 31, 2014, three payments of $65.00, drawn on check numbers 425, 426, and 427, respectively.

    d.    On November 7, 2014, a payment of $65.00, drawn on check number 428.

    e.    On December 10, 2014, a payment of $65.00, drawn on check number 429.

    f.    On January 13, 2015, a payment of $75.00, drawn on check number 430.

These payments were either not credited fully or at all.

39.     Defendant's misrepresentations with respect to the amount owed included (a) collection and attorneys' fees and costs; (b) late fees where the Plaintiffs paid on time and maintained a credit; as well as (c) the memorandum of lien that was never filed to secure payment of collection costs. These misrepresentations are part of a pattern and practice of attempting to collect amounts in excess of the amount actually due, or not legally authorized, in violation of Virginia law. Each such instance in which the Defendant misrepresented the amount of the alleged debt violated the FDCPA causing harm to Plaintiffs.

### Failure to Correct Errors

40.     On April 24, 2015, Plaintiffs wrote a letter to Defendant a, detailing the misstatements and omissions in the Collection Letters and asking Defendant to correct Plaintiffs' account. A true and accurate copy of this letter is attached as Exhibit F.

41.     Defendant refused and declined to correct Plaintiffs' account.

42.     Defendant has not corrected Plaintiffs' account.

43.     Defendant has proposed to send back, or has in fact sent back, Plaintiffs' account to either Gum Springs or another debt collector for future collection.

44.     Neither Defendant nor Gum Springs acknowledged correction of Plaintiffs' account.

45.     Upon information and belief, Plaintiffs' account remains uncorrected.

### COUNT ONE
### VIOLATION OF 15 U.S.C. § 1692f

46.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

47.     By its actions, including demands for and collection of amounts not permitted by law, as set forth above and in Exhibit F, Defendant has violated 15 U.S.C. § 1692f(1) of the FDCPA.

48.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

49.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

50.     By its false representation of the character, amount, or legal status of Plaintiffs' debt as set forth above and in Exhibit F, Defendant has violated 15 U.S.C. § 1692e(2)(A) of the FDCPA.

51.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
### VIOLATION OF 15 U.S.C. § 1692e(2)(B)

52.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

53.     By its false representation of the services rendered or compensation that may be lawfully received by Defendant and its predecessors for the collection of a debt, as set forth above and in Exhibit F, Defendant violated 15 U.S.C. § 1692e(2)(B) of the FDCPA.

54.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FOUR:
### VIOLATION OF 15 U.S.C. § 1692e(5)

55.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

56.     By its threatening to take legal action that could not legally be taken, as set forth above and in Exhibit F, Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA.

57.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIVE:
### VIOLATION OF 15 U.S.C. § 1692e(10)

58.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

59.     By using false representation in a means to collect a debt, as set forth above and in Exhibit F, Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA.

60.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIX:
### VIOLATION OF 15 U.S.C. § 1692g(a)

61.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

62.     By using inaccurate, deceptive, and misleading communications in its June 3, 2014, letter, and not advising the Plaintiffs that they could request the name and address of the original creditor, separate and apart from a dispute of the validity of the debt, Defendant violated 15 U.S.C. § 1692g(a) of the FDCPA.

63.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
## VIOLATION OF 15 U.S.C. § 1692g(b)

64.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

65.     By using deceptive and misleading communications, as set forth above and in Exhibit F, Defendant violated 15 U.S.C. § 1692g(b) of the FDCPA. Plaintiffs' right to dispute their debt was overshadowed by Defendant's threat to record a lien and impose additional costs if the debt was not paid within 30 days of the date of the letter.

66.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHT:
## VIOLATION OF 15 U.S.C. § 1692d

67.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

68.     The natural consequence of Defendant's failure to correct Plaintiffs' account and sending the account either back to Gum Springs or another debt collector will be to harass, oppress, and abuse Plaintiffs.

69.     Defendant's refusal to correct Plaintiffs' account is a violation of 15 U.S.C. § 1692d of the FDCPA.

70.     Plaintiffs are therefore entitled to actual and statutory damages against Defendant, as well as injunctive relief and their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, for each of the foregoing reasons, Plaintiffs PAMELA CHILDS NEAL and TRACY NEAL, move for actual and statutory damages, attorneys' fees and costs, and for such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

PAMELA CHILDS NEAL AND TRACY NEAL
By Counsel

By: _____
Meghan L. Zimman, Esq., VSB #80900
Dipti Pidikiti-Smith, Esq., VSB #73318
Susan J. Stoney, Esq., VSB# 29034
Gary C. Tepper, Esq.
Charles Michael Fulton, Esq. VSB #83904
LEGAL SERVICES OF NORTHERN VIRGINIA
4080 Chain Bridge Road
Fairfax, VA 22030
Telephone 703.778.4805
Facsimile 571.386.0624
Email: mzimman@lsnv.org
Email: dpidikiti-smith@lsnv.org
Email: sstoney@lsnv.org
Email: tepperg@comcast.net
Email: cfulton3@gmu.edu
*Counsel for Plaintiffs*

13